# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HENRY BRAILEY, #1089535,

                Petitioner,

v.                                                    ACTION NO. 2:13cv19

HAROLD W. CLARKE,
*Director Department of Corrections*,

                Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

Henry C. Brailey is detained pursuant to a judgment entered in the Circuit Court of Hanover County. In a bench trial, presided over by Hon. Horace A. Revercomb III, Brailey was convicted of two counts of robbery, conspiracy to commit robbery, use or display of a firearm during the commission of a felony, and entering a bank while armed with a deadly weapon with the intent to commit larceny. *Commonwealth of Va. v. Brailey*, Case No. CR06000197 (Va. Cir. Ct. Oct. 23, 2006). Brailey was sentenced on February 12, 2007 to a total of ninety-three years in prison, with fifty-three years suspended.

Brailey filed a direct appeal to the Court of Appeals of Virginia, which denied his appeal on December 19, 2007. *Brailey v. Commonwealth*, Record No. 0682-07-2 (Va. Ct. App. Dec. 19, 2007). Brailey's petition for appeal to the Supreme Court of Virginia was refused on May 16, 2008, *Brailey v. Commonwealth*, Record No. 080153 (Va. May 16, 2008), and his petition for rehearing was denied on September 18, 2008. *Brailey v. Commonwealth*, Record No. 080153 (Va. Sept. 18, 2008).

Brailey filed a timely petition for writ of habeas corpus with the Circuit Court of Hanover County on July 18, 2007. *Brailey v. Clarke*, Case No. CL07000615-00 (Va. Cir. Ct. July 18, 2007). In it, and in a supplement filed by Brailey's attorney on January 7, 2011, Brailey alleged ineffective assistance of trial counsel for (1) advising a not guilty plea, though Brailey alleges he wished to offer an *Alford* plea, (2) not having a strategy or defense argument, and (3) not ordering a psychological evaluation of Brailey for use in his defense.[1] The Circuit Court dismissed the petition on the merits. *Brailey v. Clarke,* Case No. 07000615-00 (Va. Cir. Ct. Aug. 10, 2011). Brailey then appealed to the Supreme Court of Virginia, alleging that the trial court erred in failing to order evidentiary hearings on Brailey's ineffective assistance of counsel claims. *Brailey v. Clarke*, Record No. 112029 (Va. Nov. 14, 2011). The Virginia Supreme Court refused his petition on March 20, 2012, *Brailey v. Clarke*, Record No. 112029 (Va. Mar. 20, 2012), and denied a petition for rehearing on April 20, 2012. *Brailey v. Clarke*, Record No. 112029 (Va. Apr. 26, 2012).

Brailey, assisted by new counsel, filed the instant federal petition for writ of habeas

---

[1] While his initial petition for the writ of habeas corpus was pending in the Circuit Court of Hanover County, Brailey filed a petition for a writ of habeas corpus directly to the Supreme Court of Virginia. Due to the pending habeas petition in circuit court, the Virginia Supreme Court dismissed the second petition. *Brailey v. Clarke*, Record No. 091952 (Va. Apr. 1, 2010).

corpus under 28 U.S.C. § 2254 in this Court on January 11, 2013. ECF No. 1. Brailey asserts he is entitled to relief under 28 U.S.C. § 2254 because he was denied effective assistance of counsel due to his counsel's failure to:

> 1.  allow Brailey to plead guilty, even though Brailey wished to enter an *Alford* plea; and
>
> 2.  have a strategy or defense argument that Brailey had a history of mental problems, including not having a psychological evaluation performed prior to trial.

Fed. Habeas Pet. 9-11, ECF No. 1.

Respondent filed a Motion to Dismiss and Rule 5 Answer on March 5, 2013. ECF Nos. 5-7. Brailey filed a response on March 26, 2013. ECF No. 8.

Brailey has requested an evidentiary hearing on the issues presented in his petition. Fed. Habeas Pet. 17, ECF No. 1. The Court DENIES the request, as purely legal issues are presented, and the Court may adequately resolve the issues as presented in the briefs. *See* Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, this matter is ripe for review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion and Procedural Default

In order for this Court to review the merits of Brailey's claims, each claim must be exhausted. *See* 28 U.S.C. § 2254(b) (2006). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993); *see also*, *Jones v. Sussex I State*

3

*Prison*, 591 F.3d 707, 712-13 (4th Cir. 2010). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (*citing Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Further, this Court can only address the merits of Brailey's claims if they were not procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also*, *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). A claim is also both procedurally defaulted and exhausted when a state court has not had the opportunity to review the claim and would now refuse review under an adequate and independent state procedural rule. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996) (holding a claim never properly presented to the state courts is both exhausted and procedurally barred). A state procedural rule is adequate if it is firmly established and regularly followed. *McNeil v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). It is independent if it does not depend on a federal constitutional ruling. *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Respondent argues that Brailey's petition is not exhausted and is procedurally defaulted, because the assignment of error brought to the Virginia Supreme Court was inadequate to preserve the claim now raised in his federal habeas petition. Resp. Br. In Support of Mot. To Dismiss 5-6, ECF No. 7. Respondent cites a Fourth Circuit case in support of the assertion that

the issues before the federal court were not properly preserved at the state level. *Yeatts v. Angelone*, 166 F.3d 255, 263-64 (4th Cir. 1999). In *Yeatts*, petitioner appealed the failure of the circuit court to allow an evidentiary hearing on his habeas claims to the Virginia Supreme Court. *Id.* The Supreme Court held that appealing only the failure to order an evidentiary hearing "failed to comply with Supreme Court of Virginia Rule 5:17(c)," and thus barred their consideration of petitioner's substantive claims. *Id.* at 263. The Fourth Circuit agreed that appealing a failure to order an evidentiary hearing also did not preserve petitioner's substantive claims for federal court. *Id.* at 264.

In this case, Brailey's appeal to the Virginia Supreme Court focused solely on the lower court's failure to order evidentiary hearings on his ineffective assistance of counsel claims. *Brailey v. Clarke*, Record No. 112029 (Va. Nov. 14, 2011). The Virginia Supreme Court's short and plain refusal of Brailey's petition did not indicate that Brailey's petition failed to preserve the substantive issues, and did not refer to *Yeatts* or its state equivalent, *Yeatts v. Murray¸* 249 Va. 285 (Va. 1995). *Brailey v. Clarke*, Record No. 112029 (Va. Mar. 20, 2012). It merely indicated that there was no reversible error. *Id*.

However, despite the Virginia Supreme Court's lack of citation to the *Yeatts* line of cases, the fact remains that the issues in the federal habeas petition are not the same issues that were decided by the Virginia Supreme Court. The petition to the Virginia Supreme Court alleged an error of the circuit court for failure to order evidentiary hearings of his three substantive claims for ineffective assistance of counsel. *Brailey v. Clarke*, Record No. 112029 (Va. Nov. 14, 2011). In the federal petition, Brailey brings the meritorious ineffective assistance of counsel claims originally brought in his habeas petition to the circuit court, though he combines two of the

5

counts into a single count; he does not bring any claims regarding the circuit court's failure to provide an evidentiary hearing.[2] Fed. Habeas Pet. 9-11, ECF No. 1. Because these claims are not "the same as those advanced at least once to the highest state court," *Pruett*, 771 F. Supp. at 1436, the claims brought in Brailey's federal habeas petition have not been exhausted at the state court level. Therefore, Brailey's habeas petition cannot be brought in this court due to procedural default.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Brailey's petition for a writ of habeas corpus be DENIED and DISMISSED and Respondent's motion to dismiss be GRANTED.

Brailey has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing

---

[2] To the extent that Brailey and his attorney are attempting to bring the claims brought in the Virginia Supreme Court regarding the circuit court's failure to provide an evidentiary hearing, those claims are not cognizable by this court. *See Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) ("Matters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief.").

of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

    2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

                                                                  /s/
                                                            Tommy E. Miller
                                              United States Magistrate Judge

Norfolk, Virginia
October 3, 2013

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Duncan R. St. Clair, III
Duncan R. St. Clair III & Associates PC
2317 East Little Creek Rd.
Norfolk, VA 23518-3205

Donald Eldridge Jeffrey, III
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk
October 4, 2013