UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HENRY BRAILEY, #1089535,

    Petitioner,

v.                                      ACTION NO. 2:13cv19

HAROLD W. CLARKE,
*Director Department of Corrections*,

    Respondent.

## FINAL ORDER

Petitioner, a Virginia inmate, submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's convictions on October 23, 2006, in the Circuit Court for the County of Hanover for two counts of robbery, conspiracy to commit robbery, use or display of a firearm during the commission of a felony, and entering a bank while armed with a deadly weapon with the intent to commit larceny. As a result of the convictions, Petitioner was sentenced to serve a total of ninety-three years in the Virginia penal system, with fifty-three years suspended.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Report and Recommendation filed October 4, 2013, recommends dismissal of the petition. ECF No. 9. Each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On October 18, 2013, the Court received Petitioner's opposition to the

Report and Recommendation. ECF No. 10. In that opposition, Petitioner argues first that the Respondent admits that Petitioner's claims are exhausted, and second, that the Magistrate Judge's reliance on *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999) is misplaced, because the Virginia Supreme Court did not cite *Yeatts* in its decision. Despite these objections, the Court still adopts the Magistrate Judge's Report and Recommendation.

First, while Respondent does admit that Petitioner exhausted his state court claims, in doing so, Respondent takes a broader definition of "exhaustion" than the Magistrate Judge used in his Report and Recommendation. When discussing exhaustion, Respondent includes not only the procedural exhaustion of appealing claims to the highest state court, but also any claims "exhausted" insofar as they can no longer be brought in state court, such as successive petitions. Resp.'s Br. In Supp. of Mot. to Dismiss and Rule 5 Ans. 2-3, ECF No. 7. Respondent is merely stating that Petitioner can no longer bring these claims in state court, not that they were properly procedurally exhausted through the appeals process. *Id.* Second, Petitioner is correct that the Virginia Supreme Court found no reversible error in the lower court decision, and did not cite or rely on *Yeatts v. Murray*, 249 Va. 285 (Va. 1995) in its denial of Petitioner's habeas appeal. *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999) is factually very similar to this case, with the exception of the Virginia Supreme Court's reliance on Rule 5:17(c) in *Yeatts*, and their short, boilerplate review in this case. Despite that, at the very least, the proposition that "because the only relevant error [Petitioner] listed in his petition for appeal . . . concerned the denial of his request for a hearing," further appellate courts were "prevented . . . from reaching the merits of the substantive" claim, is pertinent to this case. *Yeatts v. Angelone*, 166 F.3d 255, 264 (4th Cir. 1999).

However, regardless of the Magistrate Judge's discussion of *Yeatts*, the Magistrate Judge's

Report and Recommendation relies correctly, and much more heavily, on *Pruett v. Thompson*, 771 F. Supp. 1428 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993), specifically citing that for federal habeas, exhaustion is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett*, 771 F. Supp. at 1436. The essential legal theories presented to the highest state court regarded whether the lower court erred in denying Petitioner evidentiary hearings, which is not cognizable under federal habeas corpus review. *See Byrant v. Maryland*, 848 F.2d 492 (4th Cir. 1988) (stating that "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief"). Because Petitioner appealed only the lack of evidentiary hearing to the Virginia Supreme Court, and appealed his ineffective assistance of counsel claim to this Court, the essential legal theories brought in federal court are not "the same as those advanced" in the highest state court.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed October 4, 2013. It is, therefore, ORDERED that the petition be DENIED and DISMISSED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this

Final Order by filing a *written* notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/
Raymond A. Jackson
United States District Judge
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 9, 2014